James SCOTT–GORDON, Appellant,

v.

STATE of Indiana, Appellee.

No. 22S01–9109–CR–760.

Supreme Court of Indiana.

Sept. 27, 1991.

James C. Scott–Gordon, pro se.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR TRANSFER

KRAHULIK, Justice.

This matter comes to us on a *pro se* petition to transfer from the Court of Appeals. In a memorandum decision, the Court of Appeals affirmed Scott–Gordon's convictions and sentence for three counts of sexual battery. *Ind.Code Ann.* § 35–42–4–8 (West Supp.1990). Because we conclude that one conviction must be reversed, we now grant transfer.

Scott–Gordon raises the following issues in his petition:

1. Whether the evidence was sufficient to support the convictions for sexual battery;
2. Whether the trial court improperly admitted evidence about pedophilia;
3. Whether the trial court improperly allowed the State to introduce certain rebuttal evidence;
4. Whether the trial court failed to allow Scott–Gordon to proceed with his defense *pro se;*
5. Whether Scott–Gordon was denied the opportunity to present witnesses and evidence in his favor;
6. Whether Scott–Gordon was improperly detained before arraignment; and
7. Whether the sentences imposed were improper.

Scott–Gordon was the executive director and general manager of Child Locators, a fund-raising organization which he operated out of an office in his home in New Albany, Indiana. The organization printed and distributed literature concerning missing children and engaged in several types of fund-raising activities. As part of his duties with Child Locators, Scott–Gordon hired and fired employees, some of whom were teenagers who worked part time. Count I of the charges against Scott–Gordon alleged that he touched C.M.'s penis when C.M. was compelled to submit to the touching by force. Count II alleged that Scott–Gordon grabbed C.M.'s hand and put his hand on Scott–Gordon's penis when C.M. was compelled to submit to the touching by force. Count III alleged that Scott–Gordon touched J.H.'s buttocks when J.H. was compelled to submit to the touching by force. After a jury trial, Scott–Gordon was found guilty. The trial court imposed consecutive three-year sentences on Scott–Gordon for the three class D felony convictions, resulting in a total sentence of nine years.

Scott–Gordon contends that the evidence at trial was insufficient to sustain any of the convictions for sexual battery. His attack on the sufficiency of the evidence is two-pronged. First, he claims there was insufficient evidence to convict on both counts I and II, and that, instead, the activities charged in both counts were one incident and, therefore, one offense. Second, Scott–Gordon asserts that there was no evidence of force or threat of force as required by the sexual battery statute.

When reviewing the sufficiency of the evidence, we do not reweigh evidence or judge the credibility of witnesses. *Jones v. State* (1989), Ind., 536 N.E.2d 267, 270. We consider the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *O'Connor v. State* (1988), Ind., 529 N.E.2d 331, 332.

█ The statute prohibiting sexual battery reads in pertinent part:

A person who, with the intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:

1. compelled to submit to touching by force or imminent threat of force commits sexual battery, a Class D felony.

*Ind.Code* § 35–42–4–8.

The evidence most favorable to the judgment is as follows. While driving C.M. in his car, Scott–Gordon told C.M. that he was horny and asked C.M. to masturbate him in exchange for money. When C.M. refused, Scott–Gordon unzipped his own pants, took

C.M.'s hand and stuck it on Scott–Gordon's penis. C.M. pulled his hand away, but Scott–Gordon grabbed it and returned it to his penis. This happened three or four times despite C.M.'s repeated attempts to remove his hand each time. This evidence supports the charges in Count II. After C.M.'s continued refusal to submit to touching Scott–Gordon's penis, Scott–Gordon repeated his offer to pay him and, when C.M. continued to refuse, Scott–Gordon placed his own hand down C.M.'s pants and touched C.M.'s penis, despite C.M.'s plea for him to stop. C.M. immediately pulled Scott–Gordon's hand from his pants and placed it on the steering wheel. This evidence supports the charges in Count I. When the car returned to the Child Locators' office, C.M. fled.

Scott–Gordon argues that this evidence could only establish a single offense under the statute. We disagree. While the incidents involving C.M. took place during the single ride in Scott–Gordon's car, there were two distinct and separate episodes of touching in order to gratify sexual desires. First, he placed C.M.'s hand on his penis and, secondly, after rejection and protestation by C.M., placed his hand inside of C.M.'s pants and touched C.M.'s penis. These two separate and distinct touchings constitute separate and distinct offenses. *Riggs v. State* (1987), Ind., 508 N.E.2d 1271.

■ As to Scott–Gordon's argument that there was insufficient evidence of force, we find no reported cases in Indiana discussing the nature or amount of force necessary to support a conviction for sexual battery. We note, however, that the wording of *Ind. Code* § 35–42–4–8(1) is identical to the language in the current rape statute, *Ind. Code* § 35–42–4–1, so we can look to interpretations of the rape statute for guidance. In *Jenkins v. State* (1978), 267 Ind. 543, 545, 372 N.E.2d 166, 167, we held that force need not be physical or violent, but may be implied from the circumstances. *See also, Smith v. State* (1986), Ind., 500 N.E.2d 190, 192. Here, the evidence was that Scott–Gordon physically, against C.M.'s protestations and repeated refusals,

(1) grabbed C.M.'s hand and placed it on Scott–Gordon's penis and (2) forced his hand inside of C.M.'s pants in order to touch his penis, requiring C.M. to physically remove Scott–Gordon's hand and replace it on the steering wheel of the automobile. The evidence supports a factual finding that C.M. was compelled to submit to the touching by physical force.

■ With respect to count III, the following evidence is most favorable to the verdict. J.H. testified that on the date of the incident, he was in the pressroom at the Child Locators offices. Because he was engaged in running the press at the time, he called to Scott–Gordon and asked him to bring his lighter into the pressroom. Scott–Gordon approached J.H. from behind, grabbed his buttocks, and told J.H. that he had received "a free feel." Immediately after, J.H. jumped back and hit Scott–Gordon in the eye with his fist. Scott–Gordon stepped away from J.H., but threatened to fire him if he ever did that again. We conclude that J.H.'s immediate reaction demonstrated that he did not voluntarily consent to the touching by Scott–Gordon, but we do not find evidence to support the conclusion that Scott–Gordon compelled J.H. to submit to the touching by force or imminent threat of force. Not all touchings constitute battery; only those which are knowingly or intentionally performed in a rude, insolent or angry manner violate *Ind. Code* § 35–42–2–1. And not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; only those in which the person touched is compelled to submit by force or the imminent threat of force violate *Ind. Code* § 35–42–4–8. The record reveals that J.H. specifically testified that there were no threats made by Scott–Gordon and that he was not afraid of Scott–Gordon. There is no evidence that J.H. was compelled to submit to the touching by force or threat of force. While this touching may have constituted a battery, it did not constitute a sexual battery because J.H. was not compelled to submit to the touching by force or the imminent threat of force. Therefore, the conviction for Count III must be reversed.

The remainder of the issues raised by Scott–Gordon were correctly decided by the Court of Appeals in its memorandum decision. Therefore, pursuant to Ind.Appellate Rule 11(B)(3), we hereby adopt and incorporate by reference the decision of the Court of Appeals on those issues.

### Conclusion

Accordingly, we now grant transfer, reverse the conviction and sentence on count III, and affirm the remaining convictions and sentences.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.