Arthur **BAILEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0108–CR–508.

Court of Appeals of Indiana.

March 11, 2002.

Ann M. Sutton, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Arthur Bailey appeals his conviction for sexual battery, a class D felony.[1] Bailey raises one issue, which we restate as whether the State presented sufficient evidence at trial to support his conviction for sexual battery. We affirm.

The facts most favorable to the conviction follow. In early October of 2000, at a public park, Bailey approached Cheryl Adams from behind and asked her if he could go home with her and "pull down her pants." Transcript at 7. In response,

---

1. Ind.Code § 35–42–4–8.

Adams told Bailey to leave her alone and then hurried home. Approximately one week later, Adams saw Bailey masturbating in a park. On October 15, 2000, as Adams walked her dog through University Park, Bailey approached her from behind and grabbed her buttocks. Bailey then told Adams that it felt "good." Transcript at 9–10. Adams again told Bailey to leave her alone, and she took her dog and ran out of the park.

The State charged Bailey with sexual battery as a class D felony. After a bench trial, the trial court found Bailey guilty as charged and sentenced him to 545 days in the Indiana Department of Correction.

█ The sole issue is whether the State presented sufficient evidence at trial to support Bailey's conviction for sexual battery. When reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied.* Instead, we look to the evidence most favorable to the conviction together with all reasonable inferences to be drawn therefrom. *Id.* We will affirm the conviction if evidence of probative value exists from which a factfinder could find the defendant guilty beyond a reasonable doubt. *Id.*

█ In the present case, the State charged Bailey with sexual battery pursuant to Ind.Code § 35–42–4–8, which provides, in pertinent part, that:

A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is ... compelled to submit to the touching by force or the imminent threat of force ... commits sexual battery, a Class D felony.

Thus, to convict Bailey for sexual battery of Adams, the State was required to prove

that Bailey: (1) with intent to arouse or satisfy his own sexual desires; (2) touched Adams; (3) when Adams was compelled to submit to the touching by force or threat of force. *See id.*

█ Bailey argues that the evidence supporting his conviction was insufficient because the State did not prove that Adams was compelled to submit to the touching by force or threat of force. Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Smith v. State,* 678 N.E.2d 1152 (Ind.Ct. App.1997), *reh'g denied, trans. denied.* In fact, not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; rather, only those in which the person touched is compelled to submit by force or the imminent threat of force violate Ind.Code § 35–42–4–8. *Scott–Gordon v. State,* 579 N.E.2d 602, 604 (Ind.1991). However, the force need not be physical or violent, but may be implied from the circumstances. *Id.* Under the specific facts here, we disagree with Bailey's claim that we must reverse his conviction.

To support his proposition that Adams was not compelled by force or threat of force to submit to the touching, Bailey relies upon one of our supreme court's holdings in *Scott–Gordon. Id.* In that case, Scott–Gordon approached an employee ("J.H.") from behind, grabbed J.H.'s buttocks, and told J.H. that he had received a "free feel." *Id.* Our supreme court held that while J.H. did not voluntarily consent to the touching by Scott–Gordon, the evidence was insufficient to support the conclusion that Scott–Gordon compelled J.H. to submit to the touching by force or imminent threat of force. *Id.* In addition, the supreme court specifically noted that "there were no threats made by

Scott–Gordon and [J.H.] was not afraid of Scott–Gordon." *Id.* According to Bailey, his grabbing of Adams was similar to Scott–Gordon's touching of J.H.

However, in *Scott–Gordon* the supreme court also discussed the sufficiency of the evidence supporting two other sexual battery allegations ("Count I" and "Count II") against Scott–Gordon. *Id.* The facts contained in Count II alleged that Scott–Gordon told a passenger in his car ("C.M.") that he was horny and asked C.M. to masturbate him in exchange for money. *Id.* at 603. When C.M. refused, Scott–Gordon unzipped his own pants, took C.M.'s hand, and stuck C.M.'s hand on Scott–Gordon's penis. *Id.* at 603–604. C.M. pulled his hand away, but Scott–Gordon grabbed it and placed it back on his penis. *Id.* at 604. This scenario occurred three or four times, despite C.M.'s repeated attempts to remove his hand from Scott–Gordon's penis. *Id.* These facts supported one charge of sexual battery against Scott–Gordon. *Id.*

The allegations supporting Count I in *Scott–Gordon* revealed that after C.M. repeatedly refused to submit to touching Scott–Gordon's penis, Scott–Gordon placed his own hand down C.M.'s pants and touched C.M.'s penis. *Id.* C.M. then pulled Scott–Gordon's hand from his pants and placed it on the steering wheel. *Id.* These facts also supported a separate charge of sexual battery against Scott–Gordon. *Id.* The supreme court held, with respect to Counts I and II, that the evidence supported a finding that Scott–Gor-

don compelled C.M. to submit to the touching by physical force. *Id.*

Bailey's grabbing of Adams is more analogous to Scott–Gordon's situation with C.M. than with J.H. Our Record reveals that Adams had two unsolicited encounters with Bailey prior to the incident in question where Bailey grabbed her buttocks.[2] During one of those encounters, Bailey approached Adams from behind and asked her if he could come home with her and pull down her pants. Adams responded to this crude proposition by telling Bailey to leave her alone and by hurrying home. Thus, prior to the incident where Bailey grabbed Adams's buttocks, Adams had already told Bailey to leave her alone. However, despite Adams's prior refusal of Bailey's advances, Bailey forced himself upon Adams by grabbing her buttocks, thereby forcing her to submit to the touching. Accordingly, the State presented sufficient evidence to support Bailey's conviction for sexual battery. *See, e.g., id.* (affirming two convictions for sexual battery).

Moreover, unlike the J.H. scenario in *Scott–Gordon,* where central to the court's holding was the fact that Scott–Gordon never made any threats toward J.H. and J.H. was not afraid of Scott–Gordon, here, Adams had reason to fear Bailey. The language employed in Ind. Code § 35–42–4–8 demonstrates that the Legislature intended for us to consider the victim's perspective, not the assailant's, when determining whether the presence or absence of forceful compulsion existed.[3]

**2.** In his Appellant's Brief, Bailey argues that evidence of the two prior encounters between Bailey and Adams should not be considered by us on appeal because the trial court admitted the evidence for a limited purpose. However, our review of the Record reveals that the trial court did not limit the admission of this evidence. Rather, the trial court merely

overruled Bailey's repeated objections to the evidence being admitted.

**3.** Ind.Code § 35–42–4–8 provides, in part, that:

A person who ... touches another person when that person is:

*See, e.g., Smith,* 678 N.E.2d at 1155. As a result, to determine whether Adams was compelled to submit to Bailey's touching of her buttocks by force or threat of force, we use a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question. *See id.* The issue, then, becomes whether Adams perceived that she was compelled to submit to Bailey's touch by force or imminent threat of force. *See id.*

 In the present case, Bailey had previously approached Adams from behind and asked her if he could come home with her and pull down her pants. Adams responded by telling Bailey to leave her alone and by hurrying home. Thus, one could reasonably infer from this encounter that Adams had reason to fear Bailey. Consequently, this case is distinguishable from the J.H. situation in *Scott–Gordon.* Accordingly, we hold that the evidence at trial was sufficient to support the conclusion that Bailey compelled Adams to submit to the touching by force or imminent threat of force. *See, e.g., Scott–Gordon,* 579 N.E.2d at 604 (holding that evidence was sufficient to support finding that

> (1) compelled to submit to the touching by force or the imminent threat of force; or
> (2) so mentally disabled or deficient that consent to the touching cannot be given;
>
> commits sexual battery, a Class D felony.

4. The present case is also distinguishable from *Smith,* 678 N.E.2d at 1155. There, Smith was charged with two separate counts of sexual battery. *Id.* On the first count, the facts revealed that while J.H. was sleeping, Smith unbuttoned J.H.'s pants and fondled his penis. *Id.* When Smith stopped fondling J.H., J.H. pulled away and rolled over on the seat. *Id.* J.H. testified at trial that he had no reason to be afraid of Smith before the incident and that, further, he did not say anything to Smith during the fondling because he "didn't know what to do." *Id.* Similarly, on the second count, the evidence demonstrated that A.B. awoke to find Smith sliding his hand

Scott–Gordon compelled C.M. to submit to touching by physical force). As such, the evidence was sufficient to support Bailey's conviction for sexual battery.[4] *See, e.g., Ingram v. State,* 718 N.E.2d 379, 382 (Ind. 1999).

For the foregoing reasons, we affirm Bailey's conviction for sexual battery.

Affirmed.

BAILEY, J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

I respectfully dissent. Criminal statutes are to be strictly construed, and words and phrases therein are to be given their plain and ordinary meaning. Based upon the facts before us, I agree with Bailey that the evidence fails to prove that Adams was compelled to submit to the touching by force or threat of force.

The majority looked to *Scott–Gordon v. State,* 579 N.E.2d 602 (Ind.1991), and concluded that Bailey's touching of Adams

up A.B.'s inner thigh and grabbing his penis. *Id.* A.B. testified that he did not say anything to Smith in response to the incident. In *Smith,* another panel of this court held, with respect to both counts, that the evidence did not support a conviction for sexual battery because the State failed to prove that J.H. and A.B. were compelled to submit to Smith's touching by force or imminent threat of force. *Id.*

We note, however, that in *Smith,* J.H. and A.B. had not previously refused Smith's advances. *Id.* By contrast, in this case, Adams had previously encountered Bailey and had told him unequivocally to leave her alone. Despite Adams's prior refusal, Bailey approached her from behind and forced himself upon her by grabbing her buttocks. In so doing, Bailey forced Adams to submit to his touching.

was analogous to Scott–Gordon's actions with C.M. Scott–Gordon was the executive director and general manager of Child Locators, a fund-raising organization, and in that capacity "hired and fired employees, some of whom were teenagers who worked part time." *Id.* at 603. "While driving C.M. in his car," Scott–Gordon asked C.M. to masturbate him for money. *Id.* "When C.M. refused, Scott–Gordon unzipped his own pants, took C.M.'s hand and stuck it on Scott–Gordon's penis." *Id.* at 603–04. He did so "three or four times," and each time C.M. pulled the hand away. *Id.* at 604. Scott–Gordon further "placed his own hand down C.M.'s pants and touched C.M.'s penis, despite C.M.'s plea for him to stop." *Id.* This evidence was found to support two counts of sexual battery as "two separate and distinct touchings," in that Scott–Gordon "placed C.M.'s hand on his penis" and "placed his hand inside C.M.'s pants and touched C.M.'s penis." *Id.* The court stated that "force" sufficient for a conviction "may be implied from the circumstances," and noted C.M.'s protestations and repeated refusals.

I find several critical differences between this case and the Scott–Gordon scenario. First, Scott–Gordon was either an employer or a potential employer of C.M., a minor. Second, as a passenger in the car driven by Scott–Gordon, there was some confinement of C.M. by Scott–Gordon. Both of these facts can also be viewed as posing some threat of force or compulsion prior to the battery. Further, C.M.'s protestations and repeated refusals were contemporaneous with the acts of battery. To me, these distinctions augur toward circumstantial evidence in *Scott–Gordon* that could properly be considered in drawing reasonable inferences as to the element of "compelling by force or threat of force," but I find no such evidence here.

The majority notes Bailey's approach of Adams in the public park on another occasion, when he made a crude proposition—to which she responded by telling Bailey to leave her alone and hurrying away. However, unlike in *Scott–Gordon*, this incident was not contemporaneous with the touching charged as sexual battery. Further, on the occasion of the touching charged, Bailey simply ran from behind Adams and grabbed or touched her on the buttocks. The record is void of any evidence that Adams was even aware of Bailey's approaching her from behind before the touching occurred, let alone that she was compelled or forced by Bailey to submit to the touching. Based upon the facts of this case, the fear of Adams—subsequent to Bailey's touching her—does not support the necessary material element that she was compelled or forced to submit to Bailey's touching. Moreover, she was not confined or restrained in any way that forced her to submit to the touching. As our supreme court explained in *Scott–Gordon*, sexual battery occurs when the touching is not only (1) a knowing or intentional touching performed in a rude, insolent or angry manner, and (2) intended to arouse or satisfy sexual desires, *but also* (3) "the person touched is compelled to submit by force or the imminent threat of force." 579 N.E.2d at 604.

I find no evidence from which the factfinder could find beyond a reasonable doubt that Bailey had compelled Adams by force or threat of force to submit to his touching of her buttocks. Because I find the majority's analysis to be overreaching in light of our standard for the construction of criminal statutes, I would reverse.