**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

Mar 19 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.N.S., | ) | |
| | ) | |
| Appellant- Respondent, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1105-JV-263 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Petitioner, | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Nancy L. Gettinger, Magistrate
Cause No. 46C01-1011-JD-673

**March 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

T.N.S. was adjudicated a delinquent for committing what would be sexual battery if committed by an adult. On appeal, T.N.S. raises two issues: (1) whether the State failed to provide sufficient evidence that T.N.S. committed the elements of sexual battery and (2) whether the trial court erred in considering evidence of prior bad acts in violation of Indiana Rule of Evidence 404(b). Concluding that the evidence is sufficient and the trial court did not improperly consider prior bad acts as character evidence, we affirm.

## Facts and Procedural History

In October 2010, assistant principal Andrew Merritt received information from the Director of Transportation about a complaint of harassment which allegedly occurred on the school bus. The source of the complaint is unknown but the complaint alleged that male student T.N.S. inappropriately touched a female student on three separate occasions. In response to these allegations, Merritt conducted an investigation and interviewed seven different students; among those students were T.N.S. and alleged victim B.L. B.L. provided a written statement alleging that T.N.S. had, on three separate occasions, touched both her and another female on the chest, butt, and thigh, while riding home on the school bus and that he had held their hands down while committing these acts. During the investigation, Merritt informed T.N.S. of the allegations that had been made against him, and T.N.S. admitted to touching a girl "inappropriately," but did not give any specifics as to when, how, why, or what the touching was. Transcript at 82.

On December 8, 2010, T.N.S. was alleged to be a delinquent child for committing three acts that would have been sexual battery, Class D felonies, if he were an adult. Following a fact-finding hearing in March 2011, the trial court found Counts II and III to

be true and dismissed Count I. In May 2011, the trial court placed T.N.S. on official probation, and ordered him to write a letter of apology to B.L. and complete a Family Focus counseling class.

T.N.S. now appeals his adjudications of delinquency.

Discussion and Decision

I. Sufficiency of Evidence

A. Standard of Review

On reviewing a challenge to the sufficiency of evidence supporting a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. Thus, we will affirm the conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id. "It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence." Ball v. State, 945 N.E.2d 252, 255 (Ind. Ct. App. 2011) (quoting Drane v. State, 867 N.E.2d 144, 146-47 (Ind. 2007)), trans. denied.

B. Evidence of Intent to Satisfy Own Sexual Desire

Indiana Code section 35-42-4-8, defining the charge of sexual battery, provides:

> (a) A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:
> (1) compelled to submit to the touching by force or the imminent threat of force…
commits sexual battery, a Class D felony.

3

T.N.S. first argues the State failed to prove beyond a reasonable doubt the requirement that he had the "intent to arouse or satisfy [his] own sexual desires" when he touched B.L. Although we cannot ascertain T.N.S.'s exact intent in touching B.L. absent an admission, see Germaine v. State, 718 N.E.2d 1125, 1132 (Ind. Ct. App. 1999), trans. denied, there is no other rational explanation for touching her in the locations, manner, and frequency with which he did unless to sexually gratify himself.

In ascertaining T.N.S.'s intent, we defer to our previous reasoning in a similar case in which a male high school student was making sexual comments to and touching female students in class. We reasoned that "[a] person's intent may be determined from [his] conduct and the natural consequences thereof and intent may be inferred from circumstantial evidence. Furthermore, the intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct." J.J.M. v. State, 779 N.E.2d 602, 606 (Ind. Ct. App. 2002) (citation omitted), abrogated on other grounds by R.J.G. v. State, 902 N.E.2d 804 (Ind. 2009). As such, the sexual manner in which T.N.S. touched B.L. on three separate occasions clearly establishes his "motivation" of "satisfying his own sexual desires."

T.N.S. further argues the State failed to prove that B.L. was "compelled to submit to the touching by force or the imminent threat of force" and thus the touching by T.N.S. rises merely to the level of battery. In regards to the force required for a charge of sexual battery, our supreme court has previously stated that the "force need not be physical or violent, but may be implied from the circumstances." Scott-Gordon v. State, 579 N.E.2d 602, 604 (Ind. 1991). A mere unwanted touching "does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or

4

threat of force." Bailey v. State, 764 N.E.2d 728, 730 (Ind. Ct. App. 2002), trans. denied. However, in perceiving the touching, "it is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined." Tobias v. State, 666 N.E.2d 68, 72 (Ind. 1996). T.N.S. argues that because B.L. did not report the incidents and no other students came to B.L.'s aid, she could not have reasonably perceived T.N.S.'s conduct as a threat upon her.

Although those around B.L. at the time of the incident, as well as T.N.S., may not have perceived the touching as compelling B.L. by force or the threat of imminent force, the threat of force or lack thereof is ultimately determined through the eyes of the victim. While B.L. may have initially "thought it was a joke and [T.N.S.] was not gonna do it again," tr. at 57, B.L. subsequently objected to T.N.S.'s fondling the second and third time and asked him to stop, establishing her objections to T.N.S.'s behavior. Likewise, B.L. testified that on the third occasion of T.N.S.'s inappropriate touching he "[held] her hands down," id. at 32, demonstrating the use of force upon her and her reasonable perception of being compelled to submit to the touching by force or the threat of imminent force. Thus, the State has sufficiently proven that B.L. perceived T.N.S.'s touching as forceful and in furtherance of his intent to arouse or satisfy his own sexual desires.

## II. Admission of 404(b) Evidence

### A. Standard of Review

A "trial court has inherent discretionary power on the admission of evidence, and its decisions are reviewed only for abuse of that discretion." Vasquez v. State, 868 N.E.2d 473, 476 (Ind. 2007) (quoting Jones v. State, 780 N.E.2d 373, 376 (Ind. 2002)).

5

An abuse of discretion occurs "where the decision is clearly against the logic and effects of the facts and circumstances." Bradford v. State, 960 N.E.2d 871, 873 (Ind. Ct. App. 2012) (quoting Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001)).

## B. Evidence of Prior Bad Acts

It is well-settled in Indiana that admission of evidence of former crimes or wrongful acts will be highly scrutinized to prevent the fact-finder from making the forbidden inference that other wrongful conduct suggests present guilt. Barker v. State, 695 N.E.2d 925, 930 (Ind. 1998). Evidence presented merely to demonstrate the character of a defendant violates the policy of not biasing the fact-finder by presenting evidence of all of the defendant's prior wrongdoings. In line with this policy, Indiana Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The State questioned assistant principal Merritt regarding the existence of any prior incidents of sexual conduct at school by T.N.S. and argued that this evidence would be used to "show a pattern" of behavior. The court permitted the questions over the defense's objection. Tr. at 84. T.N.S.'s concern with the admission of evidence of his prior sexually-related behavior is that its probative value was substantially outweighed by its prejudicial value and thus this evidence was improperly considered by the trial court as evidence of T.N.S.'s character. Our supreme court has previously stated that in

6

assessing admissibility of Rule 404(b) evidence a trial court must "(1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403." Ortiz v. State, 716 N.E.2d 345, 350 (Ind. 1999).

T.N.S. first argues the trial court abused its discretion when it admitted, over objection, testimony regarding T.N.S.'s prior bad acts when the State failed to provide T.N.S. with notice of its intent to use the testimony. However, as Rule 404(b) provides, the trial court can waive the requirement of pre-trial notice during the actual trial on good cause shown. This is precisely what the trial court did when it permitted testimony by assistant principal Merritt regarding prior incidents of sexual misconduct by T.N.S. T.N.S. concedes in his appellate brief that while the trial court allowed the State's question of whether Merritt knew of prior incidents of sexual misconduct by T.N.S. to demonstrate a pattern of behavior, once he answered "yes," the "trial court prohibited any further questioning." Appellant's Br. at 12.

T.N.S. argues that the trial court was already "aware of inadmissible and prejudicial information" when it prohibited the State from asking any further questions. Id. The trial court appropriately terminated the line of questioning before it rose to the level of prejudice. We agree with T.N.S.'s argument that had further questioning regarding his past conduct been permitted, it could have been unduly prejudicial. However, the trial court proceeding was not a jury trial, and a trial court is presumed to know and correctly apply the law. Donaldson v. State, 904 N.E.2d 294, 300 (Ind. Ct. App. 2009). Moreover, the trial court's findings of fact did not include any reference to

7

the prior incidents and thus the testimony did not play any appreciable role, if at all, in the trial court's delinquency determination. <u>See</u> Evid. R. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected…"); <u>Fleener v. State</u>, 656 N.E.2d 1140, 1142 (Ind. 1995) ("an error will be found harmless if its probable impact . . ., in light of all of the evidence in the case, is sufficiently minor").

The evidence of T.N.S.'s prior unrelated conduct was presented to establish his pattern of inappropriate touching and also to establish the element of the intent to arouse his own sexual desires as required under Indiana Code section 35-42-4-8. The trial court did not abuse its discretion in allowing evidence of T.N.S.'s prior unrelated conduct.

## Conclusion

The State presented sufficient evidence of T.N.S.'s intent to satisfy his own sexual desires and use of force as required under Indiana Code section 35-42-4-8, and the trial court did not abuse its discretion in admitting evidence of T.N.S.'s prior unrelated conduct. T.N.S.'s delinquency adjudications are affirmed.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.