**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 23 2014, 5:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DYLAN A. VIGH**
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| DALVINDER SINGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1306-CR-313 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara L. Crawford, Judge
Cause No. 49F09-1202-FD-8957

**April 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Dalvinder Singh appeals his conviction of Class D felony sexual battery.[1]  Singh asserts there was insufficient evidence his victim was compelled by force or imminent threat of force to submit to Singh's touch.  We affirm.

## FACTS AND PROCEDURAL HISTORY

Singh, a manager of a gas station convenience store, called to arrange a meeting with E.P., the sales manager of one of Singh's tobacco suppliers, to get help registering with the tobacco vendor website and to have E.P. explain electronic fund transfers.  On August 10, 2011, E.P. arrived at the convenience store a little after noon and walked back to Singh's office to meet him.  When Singh explained that he could not access the internet on his computer, E.P. pulled up a chair next to Singh and opened her laptop so that she could help Singh register on the tobacco vendor website.  Singh placed his hand on E.P.'s shoulder, then moved his hand to E.P.'s knee just above her kneecap.  E.P. told Singh several times that she was very uncomfortable and asked him to stop touching her.  E.P. removed Singh's hand five or six times.  E.P. then moved her chair away from Singh, but he walked around behind E.P. and began rubbing her shoulders.  Singh remarked that E.P. was very pretty and asked if the rubbing of her shoulders felt good.  E.P. replied no, and she suggested that they move to the front of the store to review the cigarette inventory.

After fifteen minutes assessing the store's tobacco products, Singh requested they return to the office so E.P. could answer another question.  After they entered the office, Singh closed the door behind him and stood between E.P. and the door.  Singh then reached

---

[1] Ind. Code § 35-42-4-8.

out to hug E.P. and grabbed underneath her buttocks. E.P. tried to put her arms near her chest to create separation, but Singh pulled her closer and tried to kiss her. E.P. turned her head so that Singh's kiss landed on her cheek near her mouth. E.P. pushed Singh away and headed for the door, but before she could exit Singh grabbed her from behind and cupped the side of her breasts. E.P. again pulled away from Singh and left the store.

The State charged Singh with three counts of Class D felony sexual battery. The trial court found beyond a reasonable doubt that Singh used force, but found him guilty of only one count of sexual battery because the incidents were so close in time.[2]

## DISCUSSION AND DECISION

When reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge credibility of witnesses. *Bailey v. State*, 764 N.E.2d 728, 730 (Ind. Ct. App. 2002), *trans. denied*. We look only to the evidence and reasonable inferences most favorable to the conviction. *Id.* The conviction will be affirmed if evidence of probative value exists from which a fact finder could find the defendant guilty beyond a reasonable doubt. *Id.* Ind. Code § 35-42-4-8(a)(1)(A) states, in relevant part:

> A person who, with intent to arouse or satisfy the person's own sexual desires or sexual desires of another person . . . touches another person when that person is . . . compelled to submit to the touching by force or the imminent threat of force . . . commits sexual battery.

---

[2] The trial court did not explicitly state Singh used force, but it distinguished this case from *Perry v. State*, 962 N.E.2d 154 (Ind. Ct. App. 2012), and *McCarter v. State*, 961 N.E.2d 43 (Ind. Ct. App. 2012), *trans denied,* while referencing Singh's use of force. The trial court found that because Singh grabbed E.P., pulled her into him, and attempted to kiss her despite her struggling, there was sufficient evidence to prove "beyond a reasonable doubt there was Sexual Battery." (Tr. at 139.)

3

Force may be actual or implied from the circumstances. *Bailey*, 764 N.E.2d at 730. Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Id.*

There was ample evidence E.P. was compelled to submit to the touching by force or threat of force. Singh continued to touch E.P. after she asked him to stop and told him she felt uncomfortable. When they went to the office a second time, Singh closed the door, stood between E.P. and the door, pulled E.P. toward him, grabbed her buttocks, and then attempted to kiss her on the mouth. E.P. not only protested, but also physically resisted these touches. She put her hands in front of her chest to create separation when Singh embraced her, and she tilted her head away from Singh when he tried to kiss her. Even after E.P. was able break free from Singh, he grabbed her from behind and groped her breasts as she tried to leave. These facts demonstrate Singh used force to compel E.P. to submit to the touching. *See Frazier v. State*, 988 N.E.2d 1257, 1261 (Ind. Ct. App. 2013) (holding evidence Frazier grabbed victim's hand and placed it on his crotch was sufficient to demonstrate forceful compulsion). Singh's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See Bailey*, 764 N.E.2d at 730 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

Because the State presented sufficient evidence Singh forced E.P. to submit to the touching required for conviction of Class D felony sexual battery, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.