**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.C. JENNINGS, II,  )
                    )
    Appellant-Defendant,  )
                    )
        vs.  )    No. 45A03-1310-CR-425
                    )
STATE OF INDIANA,  )
                    )
    Appellee-Plaintiff.  )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas Stefaniak, Jr., Judge
Cause No. 45G04-1204-FD-95

**June 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

A jury found J.C. Jennings guilty of sexual battery, a Class D felony, and battery, a Class B misdemeanor. Jennings appeals his conviction of sexual battery, alleging the State failed to prove that he compelled his victim to submit to his touch by using force or the imminent threat of force. Concluding the evidence is sufficient to prove the element of compulsion by force, we affirm.

## Facts and Procedural History

Latanya Rodgers was employed as a custodian by Gary Community School Corporation ("GCSC"). On September 16, 2011, Rodgers was working at a GCSC elementary school with, among others, Jennings. Rodgers was assigned to clean the second floor; Jennings the first floor. While Rodgers was cleaning a second floor bathroom with her back to the open doorway, someone approached her from behind and grabbed her around the waist. Rodgers turned around, saw Jennings behind her, and asked him what he was doing. Jennings told her he was trying to massage her, and she told him her husband could do that as she tried to walk around him to exit the bathroom. Jennings then reached out and grabbed her by the back of her arms and pulled her toward him so her back was touching the front of his body. As he held her there, Jennings began to kiss Rodgers on the neck and she could feel him becoming aroused. Rodgers broke free of Jennings's grasp, and as she started to walk away from him, he reached out and grabbed her buttocks. Rodgers fled to a classroom across the hall. Jennings followed her, asking her about her recent weight loss. When he finally left, Rodgers contacted the head custodian via text message to tell him of the incident. She also reported the incident

2

to the assistant head custodian who was on site, and later, to the custodial supervisor and the school's principal.

The State charged Jennings with criminal confinement and sexual battery, both Class D felonies, and battery, a Class B misdemeanor. A three-day jury trial ensued, at the conclusion of which the jury found Jennings not guilty of criminal confinement but guilty of the remaining charges. The trial court sentenced him to an aggregate of six months, all suspended to probation. Jennings appeals only his conviction of sexual battery.

<u>Discussion and Decision</u>

Our standard of review for a sufficiency claim is well settled: we do not reweigh the evidence or assess the credibility of witnesses. <u>Ball v. State</u>, 945 N.E.2d 252, 255 (Ind. Ct. App. 2011), <u>trans. denied</u>. We consider only the probative evidence and reasonable inferences supporting the verdict. <u>Boggs v. State</u>, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), <u>trans. denied</u>. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. <u>Id.</u> We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. <u>Id.</u>

A person commits sexual battery when, with intent to arouse or satisfy his own sexual desires or the sexual desires of another person, he touches another person when that person is compelled to submit to the touching by force or imminent threat of force. Ind. Code § 35-42-4-8(a)(1)(A). Jennings concedes the evidence showed Rodgers did not

3

voluntarily consent to the touching, but contends there is no evidence that she was compelled by force or threat of force.

Jennings focuses his argument on the touching at issue being when he grabbed Rodgers's buttocks as she left the bathroom. He argues that "[e]ven if . . . grabbing [her] arms would establish the use of force, the touching of her buttocks did not occur until after she had pulled loose . . . and begun to exit the bathroom, so it could not have been said to have been accomplished by force or the threat of force." Appellant's Brief at 7. However, the information simply charges that Jennings knowingly or intentionally touched Rodgers with intent to arouse without specifying which touch was the basis of the charge. See Appendix at 20. Jennings touched Rodgers three times during the incident: when he grabbed her around the waist; when he grabbed her arms, pulled her toward him, and kissed her neck; and when he touched her buttocks as she walked away. Given that an element of sexual battery is the intent to arouse, it is most likely that the touch the jury focused on was when Jennings grabbed Rodgers's arms to pull her toward him and kiss her on the neck, as that is when Rodgers testified Jennings became aroused.

The presence or absence of forceful compulsion is determined from the victim's perspective, not the assailant's. Frazier v. State, 988 N.E.2d 1257, 1261 (Ind. Ct. App. 2013). The language of the statute demonstrates it is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question. Bailey v. State, 764 N.E.2d 728, 732 (Ind. Ct. App. 2002), trans. denied. Force may be implied from the circumstances surrounding the incident. Id. at 730. However, evidence that a victim did not voluntarily consent to a touching is not alone sufficient to support a

4

conclusion that the defendant compelled the victim to submit to touching by force or threat of force. McCarter v. State, 961 N.E.2d 43, 46 (Ind. Ct. App. 2012), trans. denied.

Here, when Jennings first grabbed Rodgers around the waist and told her he was trying to massage her, she made it clear that his touch was unwelcome. She tried to walk away from him, but he grabbed her by the arms and pulled her back to him to continue touching her in an even more intimate way. She "wrestled" to get free of him and run out of the bathroom. Transcript at 37. Rodgers related the incident to her two supervisors by saying Jennings "attacked" her. Id. at 46-47. A reasonable trier of fact could find from this evidence that Rodgers was compelled to submit to Jennings's touch—pulling her to his body and kissing her neck—by his force in grabbing her arms and holding her against him until she was able to break free. The State sufficiently proved all elements of sexual battery.

## Conclusion

The evidence is sufficient for the jury to have found Jennings guilty of sexual battery by force or threat of force, and his conviction is therefore affirmed.

Affirmed.

RILEY, J., and BRADFORD, J., concur.