# FOR PUBLICATION



**FILED**

Jun 10 2013, 8:43 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICE FRAZIER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1210-CR-526 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1105-FD-031557

**June 10, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Former corrections officer Maurice Frazier appeals the sufficiency of evidence for his convictions of two counts of sexual battery committed while he was on duty at the Marion County Jail. A sexual-battery conviction requires the State to prove that a defendant, with intent to arouse or satisfy his sexual desires or the sexual desires of the victim, touched the victim when she was compelled to submit to the touching by force or the imminent threat of force. Here, Frazier grabbed the victim's hand and placed it on his crotch, and we find that to be sufficient evidence to affirm one of the two sexual-battery convictions. But we find that the State failed to prove compulsion by force or imminent threat of force on the other sexual-battery conviction, and we therefore remand that count with instructions to enter a judgment of conviction for Class A misdemeanor battery.

Frazier also contends that his convictions violate double-jeopardy principles. A conviction for official misconduct requires proof that a public servant knowingly or intentionally committed an offense in the performance of his official duties. Frazier argues that the underlying offense used for his official-misconduct conviction was his sexual-battery conviction; therefore, he claims the same evidence was used to find him guilty of both crimes. We conclude that there is no double-jeopardy violation, despite the same evidence being used for both offenses, because each crime has a different victim—a female sheriff's deputy was the victim of sexual battery and the public was the victim of Frazier's official misconduct. We also conclude that there is no double-jeopardy violation with respect to Frazier's other convictions. We reverse in part, affirm in part, and remand.

**Facts and Procedural History**

In 2011, Frazier was a corrections officer at the Marion County Jail. S.R., a female Marion County Sherriff's Department Deputy, was on duty when Frazier instructed her to accompany him to inspect the cell blocks. When they approached one of the block doors, Frazier grabbed Deputy S.R.'s shoulder from behind and ground his pelvis against her buttocks. Deputy S.R. pulled away and continued the inspection.

Several weeks later, Deputy S.R. had another encounter with Frazier. While Deputy S.R. was working in the control center, Frazier knocked on the door. Deputy S.R. opened the door for him, and Frazier sat down beside her at the control-center desk. He began talking to Deputy S.R. and asked her why they never "messed around." Tr. p. 24. Deputy S.R. told Frazier that she did not date coworkers or married men like Frazier. Undeterred, Frazier told Deputy S.R. that they could "go where the cameras won't see us . . . ." *Id.* at 25. Deputy S.R. refused. Frazier persisted, pointing out a specific spot in the control tower without cameras saying, "They can't see us over there." *Id.* When Deputy S.R. again refused, Frazier grabbed her breast. Deputy S.R. stood up and walked away from Frazier, pretending she was retrieving something. Frazier followed her and grabbed her arm. *Id.* at 26. Deputy S.R. told him to stop. Deputy S.R. moved behind a pillar to avoid Frazier, but Frazier followed her and grabbed her arm a second time. *Id.* Again, Deputy S.R. told Frazier to stop. She then moved away and sat down at the control-center desk.

Frazier sat down next to her again and grabbed her hand, placing it on his crotch. Deputy S.R. pulled her arm away and told him to stop for the third time. Frazier

3

responded by grabbing her breast with one hand and her crotch with the other. Deputy S.R. pushed him away and heard a knock at the control-center door. Another employee entered the room, and Frazier acted as if nothing had happened. Deputy S.R. reported the incident the next day.

In May 2011, the State charged Frazier with seven felony counts, only four of which pertain to Deputy S.R. and are relevant to our analysis: Count I, sexual battery of Deputy S.R. as a Class D felony; Count II, sexual battery of Deputy S.R. as a Class D felony; Count III, criminal confinement of Deputy S.R. as a Class D felony; and Count IV, official misconduct as a Class D felony. At the close of Frazier's bench trial, the State specified the conduct underlying the sexual-battery charges:

> Count II is the one[,] that was where he forced [Deputy S.R.] to grab his crotch and . . . he grabbed hers. As to Count I we would ask that that be based upon the incident where he grinded [sic] on her as she was trying to . . . do the [cell-block inspection]. We acknowledge that there wasn't the force necessary for the sexual battery for [Count I] from her testimony today. We would ask however, that you not dismiss that count and that you find the lesser[-]included misdemeanor battery on that count.

*Id.* at 56. The State also explained that the criminal-confinement charge was based on the incident in the control center where Frazier "grabbed [Deputy S.R.] on a couple of occasions[,] stopping her from moving . . . ." *Id.*

The trial court found Frazier guilty of Counts I, II, III, and IV. The trial court set forth the evidence underlying each conviction:

> With regard to Count I . . . Frazier . . . did touch the breast and or buttocks of [Deputy S.R.] . . . finding of guilty.

*       *       *       *       *

4

I find that [] Frazier did take his hand and force [Deputy S.R.] to move her hand to his crotch and that . . . meets in the court's mind the element of force [as to Count II].

\* \* \* \* \*

And . . . Count III . . . [Frazier] did knowingly confine [Deputy S.R.] by preventing her from moving out of the corner and or an area of the [control center] . . . .

\* \* \* \* \*

As to Count IV, [] Frazier . . . while being a public servant, that is an employee of the Marion County Sheriff's Department[,] did knowingly or intentionally perform an act that a public servant is forbidden by law to perform, and that is [sexual battery] . . . .

*Id.* at 82-83. Frazier was sentenced to concurrent terms on the four convictions for a total of 545 days, with 180 days to be served in Community Corrections and 365 days suspended to probation.

Frazier now appeals.

## Discussion and Decision

On appeal, Frazier contends that there is insufficient evidence to support his two convictions for sexual battery. He also argues that his convictions violate two double-jeopardy theories, the actual-evidence test and the continuing-crime doctrine.

## I. Sufficiency of Evidence

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied.* We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and affirm if the evidence and

5

those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

To prove sexual battery as a Class D felony, the State was required to show beyond a reasonable doubt that Frazier, with intent to arouse or satisfy his own sexual desires or the sexual desires of Deputy S.R., touched Deputy S.R. *when she was compelled to submit to the touching by force or the imminent threat of force.* *See* Ind. Code § 35-42-4-8(a)(1)(A). "[I]t is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question." *McCarter v. State*, 961 N.E.2d 43, 46 (Ind. Ct. App. 2012) (citing *Tobias v. State*, 666 N.E.2d 68, 72 (Ind. 1996), *trans. denied*), *trans. denied.* Force "may be implied from the circumstances." *Id.* (citing *Bailey v. State*, 764 N.E.2d 728, 731 (Ind. Ct. App. 2002), *trans. denied.*). Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Id.* (citations omitted). "Not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; only those in which the person touched is compelled to submit by force or imminent threat of force violate Indiana Code section 35-42-4-8." *Id.*

Frazier contends that the State did not prove compulsion by force or imminent threat of force. We agree as to Count I—arising from the incident where Frazier grabbed Deputy S.R.'s shoulder and ground his pelvis against her buttocks—which the State

conceded at trial it had not proven. While some level of force facilitated the touching, the evidence does not show that she was "*compelled to submit to it* by force or threat of force." *Id.* (citing *Smith*, 678 N.E.2d at 1155) (emphasis in original). However, we reach a different conclusion with respect to Count II. Count II arose from the incident in the control center, where Frazier forcefully grabbed Deputy S.R.'s hand and placed it on his crotch. This is sufficient evidence of forceful compulsion to sustain Count II.

Because we conclude that the State did not prove sexual battery as alleged in Count I, we must reverse that conviction. When we reverse a conviction for insufficient evidence, we may remand and order the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. *Id.* at 47 (citation omitted). Indiana Code section 35-42-2-1(a)(1)(C) provides that an individual commits Class A misdemeanor battery if they knowingly or intentionally touch a penal-facility employee in a rude, insolent, or angry manner while the penal-facility employee is engaged in the execution of his official duties.[1] At trial, the State showed that Frazier grabbed Deputy S.R., a penal-facility employee, from behind and ground his pelvis against her buttocks while she was engaged in her official duties. We remand with instructions to enter judgment for battery as a Class A misdemeanor and to sentence Frazier accordingly.

## II. Double Jeopardy

---

[1] Similarly, Section 35-42-2-1(a)(1)(B) provides that an individual commits Class A misdemeanor battery if they knowingly or intentionally touch a law-enforcement officer ("or a person summoned and directed by the officer") in a rude, insolent, or angry manner while the officer is engaged in the execution of the officer's official duty.

Frazier also contends that his convictions violate the Double Jeopardy Clause of the Indiana Constitution.[2]  He argues that his convictions violate two double-jeopardy theories—the actual-evidence test and the continuing-crime doctrine.  Whether convictions violate double jeopardy is a question of law which we review de novo. *Vermillion v. State*, 978 N.E.2d 459, 464 (Ind. Ct. App. 2012) (citing *Grabarczyk v. State*, 772 N.E.2d 428, 432 (Ind. Ct. App. 2002)).

Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense."  In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our Supreme Court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense.  Under the actual-evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts.  *Id.* at 53.  To find a double-jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense."  *Id.*

Frazier also contends that his convictions violate the continuous-crime doctrine, which is "a category of Indiana's prohibition against double jeopardy."  *Walker v. State*, 932 N.E.2d 733, 736 (Ind. Ct. App. 2010) (citing *Boyd v. State*, 766 N.E.2d 396, 400

---

[2] Frazier does not argue that his convictions violate federal double-jeopardy principles.

8

(Ind. Ct. App. 2002), *reh'g denied*). "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.* (citing *Riehle v. State*, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*). We have explained, however, that the doctrine "does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, it defines those instances where a defendant's conduct amounts only to a single chargeable crime." *Id.* at 736 (citing *Boyd*, 766 N.E.2d at 400).

We have reversed Frazier's conviction on Count I, the first sexual-battery charge, and ordered the trial court to enter a judgment of conviction for battery as a Class A misdemeanor. But Frazier's argument is that any conviction on Count I would violate double-jeopardy principles. We disagree. The record shows that Count I was based on Frazier's interaction with Deputy S.R. during a cell-block inspection where he grabbed the deputy's shoulder and ground his pelvis against her buttocks. Count I is the only charge based upon this incident, and the incident occurred weeks before the control-center incident. There is no double-jeopardy violation here.

Nor is there a double-jeopardy violation on Count II, the second sexual-battery charge. In order to prove Frazier guilty of Count II, the State was required to show beyond a reasonable doubt that Frazier, with intent to arouse or satisfy his own sexual desires or the sexual desires of Deputy S.R., touched Deputy S.R. when she was compelled to submit to the touching by force or the imminent threat of force. *See* Ind. Code § 35-42-4-8(a)(1)(A). At trial, the State argued that Frazier committed Count II of

9

sexual battery in the control center when he "forced [Deputy S.R.] to grab his crotch . . . ." Tr. p. 56. And this was the evidence the trial court relied upon when pronouncing judgment. *Id.* at 82 ("I find that Mr. Frazier did take his hand and force [Deputy S.R.] to move her hand to his crotch and that . . . meets in the court's mind the element of force [as to Count II]."). This evidence is separate and distinct from the evidence for Count I, and the control-center incident occurred weeks after the incident underlying Count I. Frazier's conviction on Count II does not violate double-jeopardy principles.

To establish Count III, the criminal-confinement charge, the State had to show that Frazier knowingly or intentionally confined Deputy S.R. without her consent. Ind. Code § 35-42-3-3. Count III, like Count II, stemmed from Frazier's conduct in the control center. For this reason, Frazier argues that his conviction on this count violates the actual-evidence test and the continuing-crime doctrine. Specifically, he argues that the evidence that he grabbed Deputy S.R.'s arm was used to establish both this charge and the sexual-battery charge. This is incorrect. Before the sexual battery, Frazier grabbed Deputy S.R's arm twice during the time when she was trying to get away from him, Tr. p. 26, and this evidence was used to convict him of criminal confinement. After the confinement, when she had returned to sit at the control-center desk, he grabbed Deputy S.R.'s hand and forced her to touch his crotch, and this evidence was used to convict him of sexual battery. Frazier's actions that gave rise to the confinement and sexual-battery charges were not coextensive. *See Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (citing *Richardson*, 771 N.E.2d at 55) (giving the example of a confinement conviction vacated because it was coextensive with the behavior necessary to establish an element of

10

a robbery conviction). There is also no continuing-crime violation. The continuing-crime doctrine does not apply where there are two distinct chargeable crimes, which is the case here. Frazier committed criminal confinement when he grabbed Deputy S.R.'s arm twice and blocked her movement in the control center. The criminal confinement ended when Deputy S.R. moved past him and returned to her seat at the control-center desk. After Frazier also sat down, he committed a new crime by forcefully grabbing Deputy S.R.'s hand and putting it on his crotch. Thus, the continuing-crime doctrine has no application here.

Finally, we reach Frazier's challenge to Count IV, his official-misconduct conviction. To establish Count IV, the State had to show that Frazier, as a public servant, knowingly or intentionally committed an offense in the performance of his official duties. Ind. Code § 35-44.1-1-1(1). Frazier argues that this conviction violates the actual-evidence test because the same actual evidence of sexual battery was used to convict him of sexual battery and official misconduct. He also argues that his conviction on Count IV violates the continuing-crime doctrine because, as with Counts II and III, it stems from his actions in the control center. In response, the State argues that an official-misconduct conviction is not subject to double-jeopardy principles, but notes that this issue "appears to be unresolved[.]" Appellee's Br. p. 11.

In *Richardson*, our Supreme Court acknowledged that double jeopardy is not implicated where different victims are involved. 717 N.E.2d at 50, n.40. And our Courts have repeatedly upheld this principle, finding no double-jeopardy violation where there are multiple victims of the same crime. *See Bald v. State*, 766 N.E.2d 1170, 1172 n.4

11

(Ind. 2002) (no double-jeopardy violation where defendant was convicted of one count of arson and three counts of felony murder based upon three deaths and one bodily injury that arose out of one fire); *see also Whaley v. State*, 843 N.E.2d 1, 15 (Ind. Ct. App. 2006) (two convictions for resisting law enforcement did not violate double jeopardy even though defendant's actions involved a single incident of resisting because defendant injured two people as a result of his resistance), *trans. denied*; *Williamson v. State*, 798 N.E.2d 450, 456-57 (Ind. Ct. App. 2003) (defendant's five arson convictions, each of which pertained to a different arson victim, did not violate double jeopardy), *trans. denied*. Here, too, there are separate victims: Deputy S.R., the victim of sexual battery, and the public, the victim of Frazier's official misconduct. We therefore conclude that there is no double-jeopardy violation under either theory claimed by Frazier.

Reversed in part, affirmed in part, and remanded.

KIRSCH, J., and PYLE, J., concur.

12