**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CURTIS RAY BROCK, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 87A05-1303-CR-121 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1107-FD-314

August 30, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Curtis Ray Brock appeals the one-year and 180-day sentence imposed by the trial court for one count of Class A misdemeanor battery and one count of Class B misdemeanor battery. We affirm.

**Issue**

The sole restated issue before us is whether the trial court properly ordered the sentences for Brock's two convictions to run consecutively.

**Facts**

On July 11, 2011, the State charged Brock with one count of Class D felony battery and one count of Class B misdemeanor battery against two different individuals.[1] On December 17, 2012, Brock pled guilty to both counts as charged. At the sentencing hearing on February 11, 2013, defense counsel argued that the sentences for the offenses should be served concurrently because "it's a single episode of conduct . . . ." Tr. II, p. 5. The trial court disagreed. It entered judgment of conviction for the Class D felony charge as a Class A misdemeanor and sentenced Brock to an executed term of one year on that count. For the Class B misdemeanor charge, the trial court ordered a term of 180 days suspended to probation, to be served consecutive to the one-year executed term. Brock now appeals.

---

[1] The facts underlying these charges are absent from the record provided to this court, except that both batteries were committed against minors. Brock relates additional purported facts regarding the offenses in his brief and claims that they are contained in the appendix via the presentence report. In fact, they are not; the presentence report refers to the probable cause affidavit for additional information regarding the circumstances of the offenses, but the affidavit is not in the appendix.

2

## Analysis

On appeal, Brock argues that the imposition of consecutive sentences violated the continuous crime doctrine. That doctrine "essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." Borum v. State, 951 N.E.2d 619, 629 (Ind. Ct. App. 2011). The doctrine is a category of Indiana's prohibition against double jeopardy that precludes the State from convicting a defendant multiple times for the same continuous offense. Walker v. State, 932 N.E.2d 733, 736-37 (Ind. Ct. App. 2010).

The State notes that Brock did not make this argument before the trial court. Instead, Brock's attorney referred to the two offenses being "a single episode of conduct . . . ." Tr. II, p. 5. The "single episode of criminal conduct" rule is a statutory limitation on the imposition of consecutive sentences. Harris v. State, 861 N.E.2d 1182, 1185 (Ind. 2007) (citing Ind. Code § 35-50-1-2(c)).[2] The continuous crime doctrine, by contrast, is a limitation on the number of convictions the State may obtain against a defendant, not a sentencing limitation. See Walker, 932 N.E.2d at 736-37. Thus, it is true that Brock makes a substantively different argument on appeal than he did before the trial court.

It also is true that Brock pled guilty to both batteries, which generally would preclude any double jeopardy challenge to either conviction, to the extent he is making

---

[2] We also note that to the extent trial counsel argued that the "single episode of criminal conduct" rule barred the imposition of consecutive sentences, that statutory-based rule does not apply to a defendant, like Brock, convicted only of misdemeanors. See Dunn v. State, 900 N.E.2d 1291, 1292 (Ind. Ct. App. 2009).

such a challenge. See Mapp v. State, 770 N.E.2d 332, 334-35 (Ind. 2002). This court has not strictly applied this rule and has allowed double jeopardy challenges to multiple convictions following a guilty plea when a defendant pleads guilty as charged without the benefit of a plea agreement that resulted in reduced or dismissed charges or a limitation or cap on sentencing. See McElroy v. State, 864 N.E.2d 392, 396 (Ind. Ct. App. 2007), trans. denied. Brock did plead guilty as charged with no plea agreement and no benefit to him in doing so. However, even if we were to countenance Brock's continuous crime doctrine argument, it plainly is unavailing. Double jeopardy principles, including the continuous crime doctrine, do not apply when multiple victims are involved. Frazier v. State, 988 N.E.2d 1257, 1264 (Ind. Ct. App. 2013). Because the battery charges concerned different victims, convictions on both counts do not violate the continuous crime doctrine. See id.

Brock also seems to argue that his sentence of one year executed for the Class A misdemeanor, plus 180 days suspended to probation for the Class B misdemeanor, exceeds the parameters of Indiana Code Section 35-50-3-1(b). That statute provides that if a trial court suspends a sentence for a Class A, B, or C misdemeanor, the trial court may place a defendant on probation for not more than one year, but that a combined term of imprisonment and probation for a misdemeanor cannot exceed one year. Brock, however, was properly convicted of two misdemeanors, not "a" misdemeanor. He cites no authority for the proposition that a term of imprisonment and/or probation cannot exceed one year when there are multiple misdemeanor convictions. In any event, such a

4

proposition would directly conflict with the well-settled authority of trial courts to order misdemeanor sentences to run consecutively.  See Cuyler v. State, 798 N.E.2d 243, 246 (Ind. Ct. App. 2003) (citing I.C. § 35-50-1-2), trans. denied.  Brock's sentence does not violate the statutory limit on misdemeanor sentences.

### Conclusion

Brock's two battery convictions do not violate the continuous crime doctrine, and his sentence of one year executed plus 180 days suspended to probation does not violate statutory authority.  We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.