**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GILDA W. CAVINESS**
Caviness Law Office, LLC
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLOTTE N. MCGILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1305-CR-217 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-1111-FD-326

**February 6, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Charlotte McGill appeals her convictions for Class D felony fraud and Class D felony theft. We affirm.

**Issues**

McGill raises two issues, which we restate as:

      I.      whether the evidence is sufficient to sustain her convictions; and

      II.     whether her convictions violate the prohibition against double jeopardy.

**Facts**

Glen Brooks was a Platinum level Advantage Rewards Program member at Indiana Grand Casino ("Casino"). He accumulated points on his player's card that he could redeem for food, merchandise, and cash for playing on the slot machines, i.e. "free play." The player must enter a four-digit pin number to access the free play. Brooks had two player's cards for his account. On November 16, 2011, Brooks and his wife went to the Casino. After several hours, he noticed that he had fewer points than earlier in the day. He was missing $250.00 in free play and thousands of points. Brooks reported the discrepancy to the authorities at the Casino.

Upon reviewing video surveillance and computer records of Brooks's player's card, the authorities discovered that Brooks had accidentally left his player's card in a slot machine. A Casino patron, later identified as McGill, discovered the card, took it, used it repeatedly at various slot machines, and took $250.00 in free play from Brooks's account. Id. at 107. Agent Anthony Chapman of the Indiana Gaming Commission made

2

contact with McGill, who was still at the Casino. McGill denied having Brooks's player's card.

The State later charged McGill with Class D felony fraud and Class D felony theft. In the fraud charging information, the State alleged that McGill "did with the intent to defraud Indiana Grand Casino obtain property, by using, without consent, a credit card, when said credit card has issued to another person." App. p. 37. In the theft charging information, the State alleged that McGill "did knowingly or intentionally exert unauthorized control over the property of Glen T. Brooks, with the intent to deprive said person of any part of the use or value of the property." Id. A jury found McGill guilty as charged, and the trial court sentenced her to concurrent sentences of one and one-half years with twenty days executed and seventeen months of probation. McGill now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

McGill argues that the evidence is insufficient to sustain her convictions. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Indiana Code Section 35-43-5-4, which governs the offense of fraud, provides: "A person who . . . with intent to defraud, obtains property by . . . using, without consent, a credit card that was issued to another person . . . commits fraud, a Class D felony." According to McGill, the evidence is insufficient to show that she defrauded the Casino because there was no explanation as to how she could have accessed Brooks's card without his pin number. However, the video surveillance and the computer records from Brooks's player's card clearly show that McGill used the player's card at various slot machines and took $250.00 in free play. Although it is unclear how McGill obtained Brooks's pin number, the evidence clearly demonstrated that she used his card. The evidence is sufficient to sustain her conviction for fraud.

Indiana Code Section 35-43-4-2(a), which governs the offense of theft, provides: "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." McGill argues that the State "failed to present evidence sufficient to establish that McGill knowingly or intentionally exerted control over Brooks's card or ever intentionally held or controlled it." Appellant's Br. p. 12. However, the video surveillance shows that Brooks accidentally left his card in a slot machine. Another patron removed the card from the slot machine and left it on the machine. Later, another patron set the card between two slot machines. The video then shows McGill picking up the card and inserting it in the machine. The card was then used at several slot machines, and McGill is seen on the video surveillance at each of those slot machines. The evidence is sufficient to sustain McGill's conviction for theft.

## II. Double Jeopardy

Next, McGill argues that her convictions violate the prohibition against double jeopardy. The Double Jeopardy Clause of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. In Richardson v. State, 717 N.E.2d 32 (Ind. 1999), our supreme court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Garrett v. State, 992 N.E.2d 710, 719 (Ind. 2013).

McGill seems to argue that her convictions for fraud and theft violate the actual evidence test. "Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." Id. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. "The actual evidence test is applied to all the elements of both offenses." Id. "'In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense.'" Id. (quoting Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002)).

In Richardson, our supreme court acknowledged that double jeopardy is not implicated where different victims are involved. Frazier v. State, 988 N.E.2d 1257, 1264 (Ind. Ct. App. 2013) (citing Richardson, 717 N.E.2d at 50 n.40). Our courts have repeatedly upheld this principle, finding no double jeopardy violation where there are multiple victims of the same crime. Id. Here, there are separate victims—the Casino and Brooks.[1] Consequently, McGill's double jeopardy argument fails.

## Conclusion

The evidence is sufficient to sustain McGill's convictions, and her convictions do not violate the prohibition against double jeopardy. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

[1] McGill's reliance on Trotter v. State, 733 N.E.2d 527 (Ind. Ct. App. 2000), trans. denied, is misplaced because different victims for the charges are not mentioned in that case.