## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Johnson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 9, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1508-CR-1090 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina R. Klineman, Judge <br><br> The Honorable Marshelle Broadwell, Commissioner <br><br> Trial Court Cause No. <br> 49G17-1410-F6-47845 |

**Vaidik, Chief Judge.**

# Case Summary

Michael Johnson contends that his convictions for strangulation, domestic battery, and battery in the presence of a child, each a Level 6 felony, were all based on a single act of choking and that two of them must therefore be vacated pursuant to the Indiana Constitution's ban on double jeopardy. We agree and remand this matter to the trial court with instructions to vacate the convictions and sentences for strangulation and battery in the presence of a child, leaving intact only the conviction and sentence for domestic battery.

# Facts and Procedural History

On the morning of October 14, 2014, Johnson and his girlfriend, S.W., were arguing in a bedroom of the house they shared, while S.W.'s four children were in an adjacent bedroom. Tr. p. 118-26. S.W. was seated at the end of an air mattress, and Johnson jumped on her and started choking her, which cut off her breathing and caused her pain. *Id*. at 126-31. S.W. was eventually able to get out from under Johnson and call 911. *Id*. at 132-38.

The State charged Johnson with strangulation, domestic battery, and battery in the presence of a child, all as Level 6 felonies.[1] The strangulation charge stated:

---

[1] The State also charged Johnson with battery of one of S.W.'s children and intimidation. The State eventually dismissed the intimidation charge, but Johnson was convicted on the battery charge. Johnson does not challenge that battery conviction on appeal, so we do not address it.

On or about October 14, 2014, the following named defendant, Michael Johnson, in a rude, insolent or angry manner, did knowingly apply pressure to the throat or neck, or obstruct the nose or mouth of [S.W.], another person, in a manner that impeded the normal breathing or the blood circulation of the other person[.]

Appellant's App. p. 25. The domestic-battery charge stated:

On or about October 14, 2014, Michael Johnson did knowingly in a rude, insolent or angry manner touch [S.W.], who…was living with Michael Johnson as if a spouse of Michael Johnson…, and further said touching resulting in bodily injury to the other person, specifically pain, furthermore Michael Johnson committed said offense in the physical presence of K.W., 13, and/or P.W., 12, and/or S.T., 11, and/or H.T., 9, a child less than sixteen (16) years of age, knowing that said child was present and might be able to see or hear the offense[.]

*Id.* The battery in the presence of a child charge stated:

On or about October 14, 2014, Michael Johnson, a person at least 18 years of age, did knowingly or intentionally touch [S.W.], a family or household member (as defined in Indiana Code Section 35-31.5-2-128), in a rude, insolent, or angry manner, to-wit: pushing and/or poking and/or choking and said offense was committed in the physical presence of K.W., 13, and/or P.W., 12, and/or S.T., 11, and/or H.T., 9, a child less than sixteen (16) years of age, knowing that said child was present and might be able to see or hear the offense[.]

*Id.*

[4] The case went to a jury trial. After the jury had been selected, the trial court gave preliminary instructions that recited verbatim the charges against Johnson. Tr. p. 76-78. Then the prosecutor made an opening statement in which he described Johnson's attack on S.W. as follows: "We're here because on October 14, 2014, he pushed [S.W.] back on the bed they shared, straddled her, put his hands around her neck and squeezed." *Id.* at 100. The State called S.W. as its first witness, and she testified that Johnson "jumped on top" of her, "straddled" her, and "started choking" her. *Id.* at 130. She also testified that Johnson "hurt" her by "squeezing" her neck. *Id.* at 131. Later, in the prosecutor's very brief closing argument, he did not separately address the three charges. He described Johnson's attack on S.W. as follows: "[H]e strangled her." *Id.* at 371.

[5] The jury found Johnson guilty of all three charges, and the trial court entered convictions on all three counts and imposed identical 365-day sentences for each conviction, to run concurrently. *Id.* at p. 391, 449-451; Appellant's App. p. 14.

# Discussion and Decision

[6] Johnson argues that his separate convictions for strangulation, domestic battery, and battery in the presence of a child violate Article 1, Section 14 of the Indiana Constitution, which provides, in part, that "[n]o person shall be put in jeopardy twice for the same offense." Johnson, who represented himself at trial and at sentencing, does not assert that he raised this claim with the trial court.

However, because double-jeopardy violations constitute fundamental error, they may be raised for the first time on appeal. *Garcia v. State*, 686 N.E.2d 883, 884 (Ind. Ct. App. 1997).

[7] For purposes of Article 1, Section 14, two or more offenses constitute the "same offense" if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Frazier v. State*, 988 N.E.2d 1257, 1262 (Ind. Ct. App. 2013). Johnson contends that his convictions fail the actual-evidence test.

[8] "Under the actual-evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." *Id*. "To find a double-jeopardy violation under this test, we must conclude that there is 'a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.'" *Id*. (quoting *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999)). "In determining the facts used by the fact-finder, it is appropriate to consider the charging information, jury instructions, arguments of counsel and other factors that may have guided the jury's determination." *Hines v. State*, 30 N.E.3d 1216, 1222 (Ind. 2015) (formatting altered).

[9] Johnson argues that the convictions for strangulation, domestic battery, and battery in the presence of a child were all based on the same exact evidence—

the choking—and that two of them must be vacated. In response, the State does not dispute that multiple convictions based on the choking would fail the actual-evidence test. Instead, it asserts that, while the strangulation conviction was based on the choking, the domestic battery and battery in the presence of a child convictions were based on a separate "touching" by Johnson, specifically, "pushing" S.W. back onto the mattress as he went to choke her. Appellee's Br. p. 7, 9. The State purports to concede that the latter two convictions violate the actual-evidence test, *see* Appellee's Br. p. 9 n.9, but otherwise would have us affirm the domestic-battery conviction (based on the alleged "pushing") and the strangulation conviction (based on the choking).

[10] The first problem with the State's position is that the domestic-battery conviction could not have been based on the alleged "pushing." The domestic-battery statute requires that a touching result in bodily injury, *see* Ind. Code § 35-42-2-1.3(a), and the State does not assert that anything other than the choking caused injury (pain) to S.W. *See* Tr. p. 131. Therefore, the domestic-battery conviction had to have been based on the same choking as the strangulation conviction. As noted above, the State does not dispute that this constitutes a double-jeopardy violation that requires the vacating of one of the convictions. The State asks that we preserve the domestic-battery conviction if we find any double-jeopardy problems, and Johnson does not argue otherwise in his reply brief. Therefore, we will remand this matter to the trial court to vacate the conviction and sentence for strangulation.

[11]    But first we must return to the State's argument that the battery in the presence of a child conviction was based on the alleged "pushing" and should be affirmed notwithstanding any conviction based on the choking. We disagree with the State and conclude that there is a very reasonable possibility that all of the convictions were based on the choking, so that only one conviction can stand. *See Frazier*, 988 N.E.2d at 1262.

[12]    Looking first at the charging information, the State based the battery in the presence of a child count on Johnson's alleged "pushing and/or poking and/or *choking*" of S.W. Appellant's App. p. 25 (emphasis added). This charge's specific reference to "choking" obviously left open the possibility that the jury could find Johnson guilty of battery in the presence of a child based on the choking. The trial court's instructions to the jury did nothing to eliminate this possibility; the instructions simply incorporated the charging information verbatim. Tr. p. 77-78. The only time that the prosecutor arguably distinguished the choking and the alleged "pushing" was during his opening statement, when he said that Johnson "pushed [S.W.] back on the bed they shared, straddled her, put his hands around her neck and squeezed." *Id*. at 100. However, the State does not contend that it actually presented any evidence to the jury that Johnson "pushed" S.W. separately from choking her. It cites two pages of the trial transcript that include S.W.'s description of the attack, *see id*. at 129-130, but nowhere in that description did S.W. use the word "push" or any variations of the word "push." To the contrary, the transcript pages cited by the State establish that any contact before or during the choking was

incidental to and part of the act of choking. Finally, the prosecutor emphasized the centrality of the choking during his closing argument, when he used just three words to describe Johnson's attack on S.W.: "[H]e strangled her." *Id*. at 371.

[13] Having reviewed the record as a whole, we are convinced that there is a reasonable possibility that the jury found Johnson guilty of both domestic battery and battery in the presence of a child based on the choking. As such, one of the convictions must be vacated. The State again asks us to preserve the domestic-battery conviction, and Johnson again lodges no objection to that result. Therefore, in remanding this matter, we also instruct the trial court to vacate the conviction and sentence for battery in the presence of a child.

# Conclusion

[14] We affirm Johnson's conviction for domestic battery but remand this matter to the trial court with instructions to vacate his convictions and sentences for strangulation and battery in the presence of a child.[2]

---

[2] After he was sentenced, Johnson accepted the trial court's offer to appoint an attorney to represent him on appeal. Tr. p. 451. However, Johnson himself has sent the Clerk of this Court several documents in which he complains about the performance of the attorney and asks for a different attorney or permission to proceed without counsel: a "Motion for Extension of Time to Prepare Brief" postmarked December 23, 2015, a "Motion for Appellant to Proceed Pro-Se" postmarked January 19, 2016, a "Motion for Appellant's Counsel to Send a Copy of the Records of Proceedings & Transcripts" postmarked January 19, 2016, a "Petition by Rule 66. Relief Available on Appeal" postmarked February 3, 2016, and a "Motion by Second Rendering Requesting to Remove Appellant Counsel and Proceed as Pro-Se or Appoint a New Appellant Counsel" postmarked February 16, 2016. For a variety of reasons, we decline to grant Johnson any of the relief he seeks. First, because the trial court appointed the attorney, Johnson should have directed these requests to the trial court. Second, he waited almost five months after his attorney was appointed—in fact, until after

Bailey, J., and Crone, J., concur.

---

she filed her opening brief—to ask to have her removed. Third, Johnson does not have a constitutional right to represent himself on appeal. *See, e.g., Stroud v. State*, 809 N.E.2d 274, 281 (Ind. 2004). Fourth, if Johnson believes that his attorney has performed deficiently and that he has been prejudiced as a result, he has the option of filing a petition for post-conviction relief. Fifth, and most importantly, Johnson has not presented a coherent argument that would justify removal of his current attorney. Therefore, by a separate order issued today, we (1) direct the Clerk of this Court to mark the motions and the petition as filed but (2) deny all of the relief requested.