## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 02 2019, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Wilkerson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 2, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2650<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clark Rogers, Judge<br><br>Trial Court Cause No.<br>49G25-1808-F6-25994 |

**Bradford, Judge.**

# Case Summary

In August of 2018, a vehicle being driven by Gregory Wilkerson was stopped by police for failure to signal and an invalid license plate. After verifying that the vehicle was stolen, officers conducted an inventory search and discovered a black case on the driver's-side of the vehicle containing a syringe loaded with methamphetamine, baggies, and a scale. Wilkerson was charged with Level 6 felony unlawful possession of a syringe and Level 6 felony possession of a narcotic drug. In September of 2018, Wilkerson was tried to the bench, found guilty as charged, and sentenced to 730 days of incarceration for each conviction, to be served concurrently. Wilkerson contends that his convictions violate the Double Jeopardy Clause of the Indiana Constitution. Because we disagree, we affirm.

# Facts and Procedural History

On August 6, 2018, Indianapolis Metropolitan Police Officer Michael Herrera initiated a traffic stop on a vehicle being driven by Wilkerson for failing to signal and an invalid license plate. Upon confirming that the vehicle was stolen, Officer Herrera removed Wilkerson and a passenger from the vehicle. While conducting an inventory search, Officer Herrera discovered a black case on the driver's-side floorboard containing a syringe loaded with a brown liquid, baggies, and a scale. The brown liquid was later confirmed to be a methamphetamine solution.

[3]     On August 8, 2018, the State charged Wilkerson with Level 6 felony unlawful possession of a syringe and Level 6 felony possession of a narcotic drug. On September 20, 2018, a bench trial was held after which the trial court found Wilkerson guilty as charged. On October 4, 2018, the trial court sentenced Wilkerson on each conviction to 730 days of incarceration, with 180 days to be served in the Indiana Department of Correction and 545 days to be served on work release, with each sentence to be served concurrently.

# Discussion and Decision

[4]     Wilkerson contends that his convictions violate the Double Jeopardy Clause of the Indiana Constitution, specifically pursuant to the actual-evidence test.

> Article 1, Section 14 of the Indiana Constitution provides that [n]o person shall be put in jeopardy twice for the same offense. In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our Supreme Court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual-evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double-jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Frazier v. State*, 988 N.E.2d 1257, 1262 (Ind. Ct. App. 2013) (internal citations and quotations omitted). Whether convictions violate double jeopardy is a question of law which we review *de novo*. *Vermillion v. State*, 978 N.E.2d 459, 464 (Ind. Ct. App. 2012).

[5] Wilkerson was convicted of Level 6 felony unlawful possession of a syringe and Level 6 felony possession of a narcotic drug. To convict Wilkerson of unlawful possession of a syringe, the State was required to prove that Wilkerson possessed with intent to violate the Indiana Legend Drug Act, a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance or legend drug by injection in a human being. Ind. Code § 16-42-19-18. To convict Wilkerson of possession of a narcotic drug, the State was required to prove that Wilkerson, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possessed methamphetamine (pure or adulterated). Ind. Code § 35-48-4-6(a).

[6] We conclude that there is not a reasonable possibility that the trial court used the same evidentiary facts to convict Wilkerson of both offenses. Wilkerson's possession-of-a-narcotic-drug conviction was established by the methamphetamine itself, which was found next to his seat in the vehicle. Wilkerson specifically argues that his convictions violate double jeopardy because the trial court used the same methamphetamine-loaded syringe to convict him of both crimes. However, his unlawful-possession-of-a-syringe conviction was not established solely by the fact that the syringe contained

methamphetamine but in conjunction with the facts that it was a loaded syringe commingled with baggies and a scale, which Officer Herrera knew "through training and experience is called a kit that drug users often carry." Tr. Vol. II p. 10. Wilkerson has failed to establish that his convictions violate the Double Jeopardy Clause of the Indiana Constitution.

[7]     The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.