# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 25 2019, 10:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Wayne Vest, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 25, 2019 <br><br> Court of Appeals Case No. 18A-CR-2469 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Andrew Adams, Judge <br><br> Trial Court Cause No. 10C01-1702-F5-37 |

**Bradford, Judge.**

# Case Summary

[1] In June of 2018, Michael Wayne Vest was convicted of, *inter alia*, Level 5 felony robbery and Class A misdemeanor theft. Vest contends, and the State agrees, that his convictions violate the prohibition against double jeopardy pursuant to Article 1, Section 14 of the Indiana Constitution. We agree and vacate Vest's theft conviction.

# Facts and Procedural History

[2] On February 4, 2017, Haley Beyl was sitting in her vehicle waiting for her shift at Logan's Steakhouse in Clarksville to start when Vest opened her driver's-side door and demanded that she "get out of the car." Tr. Vol. II p. 110. Vest then stated, "I have a gun, get out of the car. I need your car." *Id.* Vest eventually pulled Beyl from the vehicle and drove away. A few hours later, Beyl's vehicle was discovered parked at a motel, and Vest was apprehended by police in possession of Beyl's car keys and bank card.

[3] On February 7, 2017, the State charged Vest with Count I, Level 5 felony robbery; Count II, Level 6 felony auto theft; Count III, Level 6 felony unlawful possession of a syringe; and Count IV, Class A misdemeanor theft and alleged him to be a habitual offender. On June 5, 2018, a jury trial was held, and Vest was found guilty as charged and admitted to being a habitual offender. The trial court dismissed Count II, finding that it was a lesser-included offense of Count I. The trial court sentenced Vest on Count I to six years with two years

suspended to probation, on Count III to two-and-one-half years, on Count IV to one year, and six years on the habitual offender enhancement. The trial court further ordered that Counts I, III, and IV be served concurrently, for an aggregate sentence of twelve years of incarceration with two of those years suspended to probation.

# Discussion and Decision

[4]  Vest contends, and the State agrees, that his convictions for Level 5 felony robbery and Class A misdemeanor theft violate the prohibition against double jeopardy. Whether convictions violate double jeopardy is a question of law which we review *de novo*. *Vermillion v. State*, 978 N.E.2d 459, 464 (Ind. Ct. App. 2012).

> Article 1, Section 14 of the Indiana Constitution provides that [n]o person shall be put in jeopardy twice for the same offense. In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our Supreme Court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual-evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double-jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Frazier v. State*, 988 N.E.2d 1257, 1262 (Ind. Ct. App. 2013) (internal citations and quotations omitted). "Application of the actual evidence test requires the reviewing court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the jury's perspective, considering where relevant the jury instructions, argument of counsel, and other factors that may have guided the jury's determination." *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002).

[5] We agree with both Vest and the State that his convictions violate the prohibition against double jeopardy. During closing argument, the prosecutor stated that

> the list goes on and on of situations where, when you commit an act, you might be in violation of different statutes. And there are a variety of legal reasons for doing this that I won't go into now, but it's common for Prosecutors to charge the different statutes that are violated. And that's what's been done in this case. Essentially, there was a robbery of her, her car and what was in it and that's the first Count. And then this auto theft and this theft are alternative Counts that are also statutes that were violated when this happened. And what will happen, as a matter of law, is I, as a Prosecutor, will say, yes, this conduct violated all of these statutes, so please come back and convict on each of those. When you go to the jury room, please find him guilty of each. Because, as a matter of law, what will happen is when the Judge comes time to sentence him and enter convictions, he will only enter convictions on the most highest on that Count and not the other two (2), if you convict on them. And so, it's not like he's going to get sentenced and convicted on multiple things based on the same incident ultimately.

Tr. Vol. II pp. 221–22. Given the prosecutor's closing argument, we agree with the parties that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of robbery were also used to establish the essential elements of theft.

[6] Vest's conviction for Class A misdemeanor theft is vacated.

Crone, J., and Tavitas, J., concur.